## 37705. CHURCH *v.* TRAILMOBILE, INC.

DECIDED JUNE 29, 1959.

*Kimzey & Kimzey, Herbert B. Kimzey, R. C. Scott,* for plaintiff in error.

*Kimzey & Crawford, Linton K. Crawford, Sam Kimzey,* contra.

FELTON, Chief Judge. ■ The contract sued on provides for the payment of the principal and other charges in 35 equal successive monthly payments of $213 beginning on October 25, 1956. The custom pleaded by the defendant was inconsistent with and repugnant to the express terms of the contract and could not be urged for a purpose which would have altered the provisions of an unambiguous express contract. *Maddox* v. *Life & Cas. Ins. Co.,* 79 *Ga. App.* 164 (6) (53 S. E. 2d 235) and cases cited; Code § 20-704 (3), catchwords "Express contracts". The court did not err in sustaining the demurrer to the answer.

■ The contract sued on provides that in default of any payment due the vendor could declare all amounts due at its option and (1) retake possession of the trailer and sell it at any place in the vendor's discretion at public or private sale or (2) that the vendor could take possession of the trailer and credit the fair market value to the unpaid balance due on the contract. The defendant contends that the possession of the trailer was obtained by the vendor for the purpose of making repairs thereto and that, since possession was not restored to the vendee, the sale of the trailer, purportedly made under the provisions of the contract, amounted to a rescission of the contract, and that the vendee did not acquiesce in the sale by not objecting to it after the vendor notified him that the trailer would be sold and the proceeds applied to the debt. In such circumstances it was the duty of the vendor to return the possession of the trailer to the vendee in completion of its contract of bailment before it could legally take possession from the vendee for the purpose of sale

under the power contained in the sale contract. The failure to do so, and the subsequent sale to itself, was a conversion of the trailer by the vendor. It was not incumbent upon the vendee to protest the sale which the vendor notified him it would make. The letter notifying the vendee of the sale was not such a letter in the due course of business which required an answer from the vendee. To put such a duty of protest upon the vendee would be to alter the terms of the sale and bailment contracts. If there was a ruling in *Southern Auto Finance Co.* v. *Chambers,* 65 *Ga. App.* 259, 265 (15 S. E. 2d 903) to the effect that a notice of sale after the obtaining of possession of property for a purpose other than sale under power in a contract would excuse the re-delivery of the property to the vendee, it was obiter dictum and will not be followed. There was no notice in that case, and a ruling on the consequences of a lack of notice required no ruling on a state of facts when there was a notice.

The court did not err in sustaining the demurrer to the defendant's answer setting up the custom but did err in denying the motion for a new trial complaining of the direction of a verdict for the plaintiff.

*Judgment reversed in part and affirmed in part. Quillian and Nichols, JJ., concur.*